# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAMES BRIAN DUSKY,<br><br>Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>Defendant. | Civ. No. 2:21-cv-4981 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.**

Plaintiff James Brian Dusky ("Plaintiff") brings this action against his former employer, Defendant BMW of North America, LLC ("Defendant"), alleging violations of the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J. Stat. Ann. § 34:19–1 *et seq.*, the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5–1 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* This matter is before the Court on Defendant's unopposed motion to dismiss the CEPA claim (Count I) and the Title VII claim (Count III) under Federal Rule of Civil Procedure 12(b)(6). ECF No. 5. Defendant argues that both claims are time-barred by their applicable statutes of limitations. For the reasons set forth below, Defendant's motion is **GRANTED**.

## I. FACTS

Plaintiff worked for Defendant as an Events and Experiential Marketing Specialist from March 14, 2016, until his termination on August 15, 2019. Compl. ¶ 3, ECF No. 1-1. In or around August of 2018, Plaintiff's supervisor, Luciana Francisco, approached Defendant's Aftersales Department, which is responsible for BMW parts and accessories, "for the purpose of importing an illegal BMW motorcycle race part" from Brazil to the United States. *Id.* ¶ 9. After the Accessories Specialist informed Plaintiff of Ms. Francisco's intent, and after Plaintiff consulted two managers for advice, Plaintiff emailed Ms. Francisco's supervisor, Vice President Michael Peyton, advising him of Ms. Francisco's conduct and of his concerns that she was potentially approving Defendant's assets and budgets in ways favorable to her husband, a motorcycle racer. *Id.* ¶¶ 5, 10-12. Approximately one week later, Ms. Francisco reprimanded Plaintiff for sending the email and instructed him never to send an email to Mr. Peyton again unless she was copied. *Id.* ¶ 13.

Following the incident, Plaintiff's working environment became increasingly hostile. *Id.* ¶ 14. Ms. Francisco delayed the approval of Plaintiff's expense reports for several weeks; she gave Plaintiff a far lower performance evaluation than he had received from his prior supervisor; she denied Plaintiff a promotion opportunity; and she refused to allow Plaintiff to work in Defendant's other teams. *Id.* Defendant ultimately terminated Plaintiff's employment on August 15, 2019. *Id.* ¶¶ 3, 14.

## II. PROCEDURAL HISTORY

On or about November 18, 2019, Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") Charge for Title VII retaliation. Procedural History ¶¶ 1-2, ECF No. 1-1. On December 4, 2019, the EEOC issued a Notice of Right to Sue. *Id.* ¶ 3. On February 3, 2021, Plaintiff filed the underlying Complaint in the Superior Court of New Jersey, Bergen County, alleging three separate causes of action against Defendant: (1) whistleblower retaliation under CEPA (Count I); (2) age and national origin discrimination under NJLAD (Count II); and (3) retaliation under Title VII (Count III). Compl. ¶¶ 16-25, ECF No. 1-1. Defendant timely removed the action to this Court on March 12, 2021, based on diversity and federal question jurisdiction. *See* 28 U.S.C. § 1331, § 1332(a), § 1441, § 1446. Thereafter, Defendant filed the present motion to dismiss Counts I and III of the Complaint on April 2, 2021. ECF No. 5. The District of New Jersey's electronic filing system e-mailed Plaintiff at two separate email addresses notice that the motion was filed. To date, Defendant's motion remains unopposed.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. When a defendant's Rule 12(b)(6) motion is uncontested, the Court may grant the unopposed motion after analyzing it on the merits. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *Wiggins v. MacManiman*, 698 F. App'x 42, 43 (3d Cir. 2017) ("[W]e have held that District Courts may not grant a Rule 12(b)(6) motion as unopposed and dismiss a complaint '. . . without any analysis of whether the complaint failed to state a claim upon which relief can be granted, as provided in [Rule] 12(b)(6).' That is because such a dismissal is not really a dismissal for failure to state a claim but is instead a sanction." (internal citation omitted)).

A Rule 12(b)(6) analysis requires the Court to accept all well-pleaded factual allegations in the complaint as true, view them in the light most favorable to the plaintiff, and determine whether the plaintiff has pleaded sufficient factual matter to show that the claim is facially plausible. *See Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citations and quotation marks omitted). Where, as here, a defendant asserts that the complaint is subject to dismissal for failure to state a claim on statute of limitations

grounds, the Court may dismiss the complaint "only [if] the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017); *Schmidt v. Skola*, 770 F.3d 241, 249 (3d Cir. 2014).

### IV. ANALYSIS

Defendant argues that even if Plaintiff's allegations are accepted as true, Plaintiff's retaliation claims under CEPA (Count I) and Title VII (Count III) are time-barred by their applicable statutes of limitations. Def. Br. at 1, ECF No. 5. The Court agrees. Based on the Complaint's factual allegations, both claims are untimely. *Wisniewski*, 857 F.3d at 157.

As to the CEPA retaliation claim (Count I), an aggrieved employee or former employee wishing to file suit under CEPA must do so "within a year of an adverse employment action." *Robles v. U.S. Env't Universal Servs., Inc.*, 469 F. App'x 104, 107 (3d Cir. 2012); N.J. Stat. Ann. § 34:19–5 ("Upon a violation of [CEPA], an aggrieved employee or former employee may, within one year, institute a civil action in a court of competent jurisdiction."). A CEPA claim for retaliatory discharge therefore accrues, and the statute of limitations begins to run, as of the date of the employee's termination. *Geraghty v. Ins. Servs. Off., Inc.*, 369 F. App'x 402, 406 (3d Cir. 2010).

Here, Plaintiff alleges he was terminated on August 15, 2019, in retaliation for whistleblowing activities, and that his termination constituted an adverse employment action. Compl. ¶ 19, ECF No. 1-1. His CEPA claim thus began to accrue from August 15, 2019. Under normal circumstances, Plaintiff would have had to bring his claim within a year, by August 15, 2020. In response to the Covid-19 pandemic, however, the New Jersey Supreme Court tolled the statute of limitations from March 16, 2020, through May 10, 2020, thereby granting Plaintiff an additional fifty-five (55) days—until October 9, 2020—by which to file a timely CEPA claim. *See* New Jersey Supreme Court's June 11, 2020 Fourth Omnibus Order, available at https://njcourts.gov/attorneys/notices.html. Plaintiff did not initiate this lawsuit until February 3, 2021, four (4) months after the statute of limitations expired. Accordingly, Plaintiff's CEPA claim (Count I) was untimely filed and must be dismissed.

Similarly, Plaintiff's Title VII retaliation claim (Count III) is also time-barred. "Before bringing suit under Title VII in federal court, a plaintiff must first file a charge with the EEOC." *Webb v. City of Philadelphia*, 562 F.3d 256, 262 (3d Cir. 2009). In cases such as this one, where the EEOC investigates the charge and determines it will not take action, it issues the complainant a Notice of Right to Sue (the "Notice"). *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). The complainant may then bring a private action, but must do so within ninety (90) days of the date on which he received the Notice. *Id.* (citing 42 U.S.C. § 2000e–5(f)(1)). The ninety-day filing period is treated as a statute of limitations and is strictly enforced. *Id.*

Plaintiff does not attach the Notice to his Complaint, nor does he plead the date on which he received the Notice in the mail. "[W]here the actual date of receipt is unknown, courts will presume receipt took place three days after the EEOC mailed it." *Edwards v. Bay State Mill. Co.*, 519 F. App'x 746, 748 (3d Cir. 2013) (citing *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999)); *see also Williams v. I.B.E.W. Loc. 604 Sys. Council 7,* No. 16-5567 (ES), 2019 WL 1379881, at *3 (D.N.J. Mar. 27, 2019). Plaintiff filed his Title VII retaliation charge on November 18, 2019, and the EEOC issued a Notice of Right to Sue on Wednesday, December 4, 2019. Procedural History ¶¶ 1-3, ECF No. 1-1. Because nothing in the record indicates the actual date Plaintiff received the Notice, the Court presumes that he received it on Monday, December 9, 2019.[1] *Edwards*, 519 F. App'x at 748. Plaintiff then had ninety (90) days from December 9, 2019—until March 9, 2020—to bring a timely Title VII claim.[2] But he did not initiate this lawsuit until February 3, 2021, nearly fourteen (14) months after he received the Notice of Right to Sue and eleven (11) months after the statute of limitations expired. This significant delay is fatal to Plaintiff's claim. *Id.* at 748-49. Like his CEPA claim (Count I), Plaintiff's Title VII claim (Count III) was untimely filed and must be dismissed.[3]

## V. CONCLUSION

For the reasons stated above, Defendant's unopposed motion to dismiss, ECF No. 5, is **GRANTED** and Counts I and III of the Complaint are **DISMISSED**. An appropriate Order accompanies this Opinion.

              /s/ William J. Martini
              **WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 7, 2021**

---

[1] The Court excluded Saturday and Sunday in its calculation.

[2] Although ninety days after December 9, 2019, falls on Sunday, March 8, 2020, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

[3] The Court retains subject-matter jurisdiction over Plaintiff's sole remaining claim—age and national origin discrimination under NJLAD (Count II)—because the parties are diverse in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); Notice of Removal ¶ 5, ECF No. 1.